## FISHER v INDUSTRIAL COMMISSION

Ohio Appeals, 1st Dist, Hamilton Co

No 5115. Decided Dec 28, 1936

Shook, Davies, Hoover & Beall, Cincinnati, for appellant.

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Assistant Attorney General, Columbus, and Stewart S. Cooper, Cincinnati, Special Counsel, for appellee.

## OPINION

By TATGENHORST, PJ.

This cause is heard on appeal on questions of law from the Court of Common Pleas of Hamilton County, wherein judgment was rendered on a verdict which had been instructed for the appellee.

Appellee filed a motion to strike the bill of exceptions from the files, claiming that the same "is not a bill of exceptions and has not been filed according to law."

While this court does not approve the form in which the bill of exceptions was presented in this case, the record shows that the entire transcript of the Industrial Commission was read at the hearing in the trial court and no objection was made to it by the appellee. We do not consider the irregularity complained of sufficient to justify striking the bill of exceptions from the files. The motion to strike the bill of exceptions is, therefore, overruled.

Appellant was an employee of the Grain Door Agency, an Illinois corporation. Its business dealt in special doors for use on railroad cars in the transportation of grain. It involved salvaging doors from all incoming cars of grain and shipping the doors back to Chicago for further use. The appellant was the local superintendent. His duties consisted in overseeing the employees handle the equipment at the various grain elevators in the City of Cincinnati, and personally keeping a complete record of the movement and disposition of the equipment. He had no regular hours of employment. He supervised his own hours and would work at night at the office during the rush season. Appellant received a regular, flat weekly salary, and the company, as part of his regular compensation, furnished him an automobile. The car was owned by his employer, who paid for all repairs, cost of operation, and garage rental. The garage was located at the home of the appellant, the company assented to this arrangement, paying the monthly rental to the appellant.

Appellant personally operated the car and used it in going to and from his office, and in visiting the various points throughout the city where his work might take him. On the day of his injuries he had worked in the company's office until five or six o'clock, P. M., he then drove to his home in the auto for his evening meal, and returned thereafter to the company's office to continue his duties. Upon finishing his work at the office, he drove the car toward his home, and while proceeding on his way to his home he struck an unloaded freight car standing on a switch track, in the middle of a public street of the City of Cincinnati, and sustained injuries for which he seeks compensation.

The trial court directed a verdict in favor of the appellee, Industrial Commission. The Industrial Commission relies on the case of **Industrial Commission v Heil, 123 Oh St 604.** In that case, Heil as a superintendent of a plant was paid a weekly salary and expenses for his transportation. Heil selected his own method of transportation, over which the company had no control or interest. On the day Heil was injured he was conveyed toward his place of employment in a taxicab, alighted therefrom and started to walk the remainder of the distance on a highway, when he was struck by an automobile. The Supreme Court held he had no duties to perform for his employer until he reached the plant, and that he was not in the course of employment when so injured.

Appellant's employer, in accordance with one of the terms of his contract of employment, furnished appellant with transportation to and from the office. The transportation furnished was the employer's own automobile. It was a part of the appellant's contract with his employer to operate this car, which he was doing at the time he was injured. It was the company's car, used in the company's business, and operated at the cost of the company. **Industrial Commission v Wilson, 34 Oh Ap 36. Pence v Kettering, 16 Abs 258.**

The court is of the opinion that the appellant's term of employment did not terminate on the night of the injury until he placed the company car in the garage rented and paid for by the company. This was one of the appellant's regular duties, for which he received compensation from the company. **DeCamp v Railway Co., 110 Oh St 376.** 10 A.L.R., annotation, page 169.

The question also arose as to whether or not appellant was on his direct route home

4

at the time of the injury, or whether he deviated or departed from that route for purposes of his own. Did not appellant have the right to choose the way from his office to the garage? The record shows he took the route in question on previous occasions. The court is of the opinion that the route taken on the night of the injury was not a departure from the usual route and was not taken for a purpose of his own.

Appellant at the time of his injury was injured by reason of his employment.

For these reasons, the judgment of the trial court is reversed, and the cause remanded for further proceedings according to law.

ROSS and HAMILTON, JJ, concur.