## FINK v INDUSTRIAL COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16019. Decided May 3, 1937

E. M. O'Brien, Cleveland, for plaintiff-appellee.

Herbert S. Duffy, Attorney General, Columbus. and Stephen M. Young, Special Counsel, Cleveland, for defendant-appellant.

ROSS, J, (1st Dist) sitting by designation.

### OPINION

By ROSS, J.

Plaintiff's decedent was Secretary and Treasurer of The Farnan Brass Works Company. He owned an open-type automobile which the officers of the company considered unwise for him to use, in view of his ill health. The company furnished him a closed-type automobile which he used for the purpose of going and coming from his residence to his place of employment. The company, as such, owned no garage although various officers of the company had some seven garages upon their private property which were used to store company cars.

The decedent met his death while driving the company car furnished him. He had been doing some work at the company offices. He left about 10:40 P. M. The collision with his automobile occurred at a point which was in a direct line between the company offices and his home where he kept the automobile furnished him in his own garage. It may be assumed, therefore, that he was driving directly to his home.

The question thus presented is, was decedent employe. at the time he was injured, acting within the scope of his employment, and did he meet his death by reason of such employment? There can be no question that while on the company's premises he was so engaged:—That he ceased to be so engaged when he stepped into a company owned automobile and proceeded to drive it to a place where the company was satisfied to have it kept during the night and when not in use.

There must be some definite criterion by which the court may say as a matter of law—"this man was acting within the scope of his employment and that one was not." RESTATEMENT OF THE LAW OF AGENCY, §229.

The right to control—not the exercise of the right, but the existence of the right—has been adopted in many cases, especially those involving responsibility for negligence of employees as a principal determining factor.

**Plost v Avondale Motor Car Co., 4 Ohio Opinions 475.**

Certainly, in the instant case, the employer had the right to say and undoubtedly reserved the right to say where the automobile should be kept when not in use. That it selected a place convenient to the employee is beside the point.

Very often the interests of the employee and the employer are identical or concurrent at least in carrying out tasks incident to employment. That such is the case cannot be held to change the fact that the employee is engaged in his master's business, and is acting within the scope of his employment.

Suppose, for example, that one were employed by a contractor whose business it was to dig ditches. The owner of certain premises employed the contractor to lay a sewer. These premises are rented by

the employee who was injured while digging a ditch for such sewer. It is naturally to the advantage of the employee to have the sewer installed. He is injured on the premises which he is renting from the owner. No one can say that because the employee was advantaged by the laying of the sewer that he was not injured while acting within the scope and course of his employment.

In the instant case, had the company selected some other place than the garage upon the property of the employe, to house its automobile, and the decedent had been on his way home with the intention of leaving the automobile there and not at the place selected by the company, the interests of the employee and master would have been divergent. At the point of divergence the course of employment would lead in one direction, the interests and affairs of the employe in another.

The test also then is,—is the interest of the master being conserved and furthered? In the instant case such interest was naturally being protected by taking the company's property to a safe place acceptable to the employer.

The judges of the First District Court of Appeals of Ohio recently held in the case of **Fisher v Indust. Comm.**, 24 Abs 2, (see copy of opinion attached hereto), which is almost identical in fact with the case at bar except that the employer allowed the employee $5.00 per month for the use of the garage on his own premises, that the employee was acting within the scope of his employment when injured while driving the automobile to such garage from the company's place of business. The decedent in this case had the custody of the company's property. He was responsible for its care and safe-keeping. He was proceeding to a place where that duty would be consummated. To say that merely because concurrently he was furthering his own interests and that he was not acting within the scope of his employment merely because his own convenience was also considered, is to wholly eliminate a probative fact directly controlling in the determination of the real issue presented.

This criterion of interest and its companion right to control, are not difficult to apply.

The recent volumes of the Supreme Court and the Court of Appeals Reports are replete with cases in which the operation of the rule can be traced. It would not be of any great service to review these. We content ourselves with the conclusion that in this case the right to control the actions of the employee was present and that the interests of the employer were being conserved at the time the decedent met injury resulting in his death.

The judgment is therefore affirmed. Exceptions may be noted.

LEVINE, PJ, concurs.
LIEGHLEY, J, dissents.

### DISSENTING OPINION

By LIEGHLEY, J.

For the reason that at the time decedent sustained his injuries he was neither in the zone of or in the course of his employment.

**Industrial Commission v Heil, 123 Oh St 604.**

**Industrial Commission v Gintert, 128 Oh St 129.**

Much stress is placed on the fact that at the time decedent was driving a car owned by the company. He was on his way home from his place of employment and the accident took place several miles distant therefrom. He collided with a Cleveland Railway Company bus. This closed automobile was provided for him by the company because his own car was an open car and this one a closed car. It was thought that the state of his health was such that he should use a closed car in going to and from his work. Because he was driving this company car and placed it in his own garage every night where it was immediately accessible for going to his work in the morning, that therefore, and thereby, the rule announced by the Supreme Court is modified.

On the contrary, the company was bestowing a favor to him. He was thereby rendering no service for the company which in any way tended to promote the business of the company. The collision of his automobile driven by him at the time with the railway bus was in no sense a hazard encountered by him in the discharge of the duties of his employment and was not a hazard embraced within the risks and hazards of his employment.

"The statute providing for compensation contemplates only those hazards to be encountered by the employe in the discharge of the duties of his employment and do not embrace risks and hazards, such as those of travel to and from his place of employment over streets and highways

which are similarly encountered by the public generally."

Industrial Commission v Baker, 127 Oh St 345.