KROVOSUCKY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(No. 776—Decided May 27, 1943.)

*Mr. Orman G. Terry* and *Mr. Thomas F. Joseph,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. Robert E. Hall,* for appellant.

CARTER, J. This is an appeal from the Court of Common Pleas of Belmont county, wherein the trial court, sitting as a jury, found in favor of claimant; the Industrial Commission having found and determined claimant was not injured in the course of and arising out of his employment. Motion for new trial was overruled.

It is urged that the judgment of the trial court should be reversed and final judgment rendered in favor of the commission. The operative facts are incorporated in an agreed statement which is as follows:

"It is stipulated and agreed that Paul Krovosucky was on January 7, 1941, working on the day shift which begins at 8 o'clock; that the men customarily go into

the mine and toward their working place about 7:15 when working on this shift; that Paul Krovosucky drove his own automobile to work and parked his car on land owned by the employer, The Y. & O. Coal Company; that he got out of his car and walked around it and reached into the back part of his car to obtain his dinner pail and reaching into the back end of the car, stepped into an icy rut and fell, sustaining injuries described as a comminuted fracture of the left patella.

"It is further stipulated and agreed as a fact in this case that the ground where Paul Krovosucky parked his car on the morning of January 7, 1941, was rough and uneven, having many ruts in it, and that on this morning the ground was frozen hard.

"It is further stipulated and agreed that mutual exhibit 'A' is an accurate representation of the area surrounding the entrance to the Florence mine of The Y. & O. Coal Company; that mutual exhibit 'A' may appear in evidence without objection by either party. It is further stipulated and agreed that the point marked 'X' on this map, directly to the left of the garage building, is the approximate point where Paul Krovosucky's automobile was parked and where his accident occurred; that all of the property shown and designated by the mutual exhibit 'A' with the exception of that indicated by the railroad track and the public roadway, is owned by The Y. & O. Coal Company. It is further stipulated and agreed that automobiles are parked to both sides of what is designated on mutual exhibit 'A' as the public road; that The Y. & O. Coal Company does not maintain a parking lot or exercise any supervision as far as parking is concerned on the ground, but that employees and others who have occasion to be on the property are permitted to park their cars in these areas.

"It is stipulated and agreed that Paul Krovosucky's employment with The Y. & O. Coal Company was that

of coal loader; that his duties as such were entirely within the Florence mine."

For many years, under numerous holdings, the Supreme Court has held that a compensable injury within the Workmen's Compensation Act must be accompanied by two elements; first, the injury must occur in the course of employment, and second, it must arise out of the employment. There can be no question and it is conceded by the commission that the injury received by claimant in the case at bar arose out of his employment.

The real question involved is: Did the injury occur in the course of his employment? If so, the trial court was not in error in the finding and judgment rendered. Cases of the character involved are not always easy of solution. However, we are of the view that the courts of highest resort in this state have held under situations similar to the one herein presented that claimant was injured in the course of his employment and entitled to recover.

It is urged that claimant was not in the course of his employment for the reason that the time had not arrived when he had assumed or was to assume duties on behalf of his employer; that he had not arrived within the zone of his employment when injured; that claimant was not performing any required duty as would connote a causal relationship between the conditions, activities and environments of employment; that there were no hazards to which he was subjected under which the employer had agreed to assume any control; and that the hazard was one assumed by the employee and one which was no greater than if the employee had elected to have parked his car upon and along the public highway or some other piece of property entirely disassociated with the property which happened to be owned by the employer.

It must be remembered that claimant came to the parking place which was very near the place where he entered upon his active duties. The sketch introduced in evidence indicates such to be the case, and claimant had not only parked his car near the place where his active duties began but upon the property owned by and under the control of the company. True, a highway and railroad separated the place, where claimant parked, from the entrance to the Florence mine wherein his duties were to be performed. However, claimant was not injured in the highway and that question is not before us. We are of the view that the fact that a highway separated the parking place from the mine, which highway was in close proximity to the parking place and also the mine entrance, is not the controlling factor.

The real question is: Was claimant at the time of injury in the zone of employment? If so, he was injured in the course of his employment.

In the case of *Merz* v. *Industrial Commission,* 134 Ohio St., 36, 15 N. E. (2d), 632, the Supreme Court has defined "zone of employment" as follows:

"It is the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer."

The court in that case referred to the case of *Gregory* v. *Industrial Commission,* 129 Ohio St., 365, 195 N. E., 699, in the following language:

"* * * an employee, who was on his employer's premises, but about two hundred yards from the place of active employment, was held to be within the zone of employment."

Reference is also made to the case of *Kasari* v. *Industrial Commission,* 125 Ohio St., 410, 181 N. E., 809, 82 A. L. R., 1040, and other cases to the same effect, and cited in the *Merz case.*

We think claimant was in the zone of his employment at the time of his injury, and for that reason the trial court was not in error in finding in favor of claimant. We are unable to say as a matter of law that such was not the case. Under the facts as hereinbefore recited at least a jury question was presented and the court, sitting as a trier of the facts, was fully justified in finding claimant's injuries arose out of and in the course of his employment. As bearing on these conclusions, we cite the following: *Outland* v. *Industrial Commission,* 136 Ohio St., 488, 26 N. E. (2d), 760; *Merz* v. *Industrial Commission, supra; Industrial Commission* v. *Baker,* 127 Ohio St., 345, 188 N. E., 560; *Kasari* v. *Industrial Commission, supra; Industrial Commission* v. *Henry,* 124 Ohio St., 616, 180 N. E., 194; *Industrial Commission* v. *Barber,* 117 Ohio St., 373, 159 N. E., 363; *Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, 130 N. E., 38; *Adams* v. *Industrial Commission,* 65 Ohio App., 74, 29 N. E. (2d), 228; *Bremner* v. *Industrial Commission,* 63 Ohio App., 387, 27 N. E. (2d), 164; *Taylor* v. *Industrial Commission,* 13 Ohio App., 262; *Leyman* v. *Industrial Commission,* 35 Ohio Law Abs., 214, 39 N. E. (2d), 616; and *Fisher* v. *Industrial Commission,* 55 Ohio App., 524, 9 N. E. (2d), 884.

*Judgment affirmed.*

PHILLIPS, P. J., and NICHOLS, J., concur.