## JOHN ROGERS'S CASE.

Suffolk.    May 9, 1945. — June 1, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.   *Agency,* Scope of authority or employment.

An injury sustained by an employee who, after riding in an automobile of a fellow employee on his way to work, fell in a parking lot for automobiles, which was on the opposite side of a street from the employer's factory and a short walk from the factory entrance and was owned and "furnished" by the employer with permission to employees to park therein, arose out of and in the course of the employment although it "was no part of the duty of the employee to use an automobile to reach his work" and the furnishing of the parking lot was "no part of the contract of employment."

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board denying a claim for compensation.

A decree was entered by order of *Pinanski,* J., dismissing the claim. The claimant appealed.

*G. F. Mahoney,* for the claimant.

*E. Field,* (*D. T. Field* with him,) for the insurer.

QUA, J. The crucial findings of subsidiary facts upon which this case must be decided are these. The employee worked in a hat factory. He was accustomed to come to work in an automobile of a fellow employee which would be parked in a "parking lot" owned and "furnished" by the employer where the employer permitted its employees to park. At the time of the injury the automobile was parked as usual in the "parking lot." The employee left it to go to work, and while still on the lot and "going down an incline," he fell and broke an ankle. "It was no part of the duty of the employee to use an automobile to reach his work." The furnishing of the "parking lot" was "no part of the contract of employment." Although the board

did not expressly find that this lot was opposite the employer's factory, the uncontradicted evidence both of the employee and of the insurer was to that effect, and that fact seems to have been assumed. It was necessary, however, to walk a short distance down the street to the plant entrance.

These facts require as matter of law a decree for the employee. Although the employee was not obliged to come to work in an automobile, and the employer was not obliged by contract to furnish the "parking lot," yet it is plain that it did furnish the lot as an incident of the employment, and that the employee, while actually on his employer's premises and on his way to the place where his day's work was to be performed by a route which he was permitted and expected to take, fell and was injured. It is of no consequence that a street intervened between the part of the employer's premises where the employee fell and the part where he was to work. The "parking lot" was used as an adjunct to the factory. The case stands just as it would if the automobile had been parked on the same lot on which the factory building stood and the employee had fallen while walking from the automobile to the factory door. The injury arose out of and in the course of the employment. *Latter's Case,* 238 Mass. 326. *Bresnahan v. Barre,* 286 Mass. 593, 595. *Mannering's Case,* 290 Mass. 517. *Sylvia's Case,* 298 Mass. 27. *Nagle's Case,* 310 Mass. 193, 197. *Souza's Case,* 316 Mass. 332, 335, and cases cited. And in the very recent case of *Murphy* v. *Miettinen,* 317 Mass. 633, 635, it was held that the defendant, who, preparatory to going to work, was parking his automobile on a parking lot owned and maintained by his employer adjacent to its foundry, was within the scope of his employment.

The board relied upon *Savage's Case,* 257 Mass. 30. In that case it would seem that the permission to the employee to put his automobile in the former coal bin could be found to have been wholly a personal favor to him and not an incident in the carrying on of the employer's business. At any rate, we prefer to continue in the direction pointed out

by the cases hereinbefore cited, nearly all of which were decided more recently than *Savage's* case.

The decree is reversed, and a decree is to be entered in favor of the employee.

*So ordered.*