MRS. LOU BELLE DAVIS (Employee) v. DEVIL DOG MANUFACTURING
COMPANY (Employer); and NATIONWIDE MUTUAL INSURANCE
COMPANY (Carrier.)

(Filed 25 February, 1959.)

**Master and Servant § 40c—**

Where the employer provides a parking lot on its premises next to its
factory and permits its employees to park their cars in the lot, an in-
jury received by an employee in a fall while she was walking from her
parked car on her way to the other part of the employer's premises where
she actually worked, is an injury arising out of and in the course of her
employment within the purview of G.S. 97-2(f).

APPEAL by defendants from *Crissman, J.,* July Assigned Civil Term
1958 of WAKE. This case was argued as Case No. 461 at the Fall Term
1958.

A proceeding for workmen's compensation.

The Hearing Commissioner's findings of fact and conclusions of law
are summarized: The jurisdictional facts found were based on a stipu-
lation of the parties. On 26 June 1957 Mrs. Lou Belle Davis had been
an employee of the Devil Dog Manufacturing Company for about 15
months. Her employer's plant is situate on U. S. Highway 64 east of
the Town of Zebulon. Claimant lives near the Town of Middlesex, and
drove her husband's automobile to and from work. No part of the cost
of her transportation to and from work was provided by her employer.
During her entire time of employment she parked the automobile in a
parking lot provided by her employer. This parking lot is about 70 feet
from the entrance to her employer's plant. There is a walkway of red
clay and loose gravel leading from the parking lot to the plant's en-
trance. About half way from the parking lot to the plant's entrance is
a trench or ditch crossing this walkway, and an incline leads down
into this trench or ditch from both directions of the walkway. All of
the above property is under the maintenance and supervision of the
employer. Approximately 75 per cent of the employees of the Devil
Dog Manufacturing Company used this parking lot with its consent
and acquiescence.

The work day of claimant and her fellow employees is from 7:30
a. m. to 4:00 p. m., and these are the only hours for which they are
paid. All employees must be at their machines ready for work at 7:30
a. m.

On 26 June 1957 about 7:25 a. m. claimant parked her automobile
in the usual manner in the parking lot provided by her employer, got
out of the automobile, and walked east to the plant entrance. Due to
prior rain the walkway was wet. As she was walking down the incline

from the parking lot, and when she was about 30 feet from her automobile and 40 feet from the plant entrance, her foot slipped and she fell, breaking her right ankle, which was an injury by accident arising out of and in the course of her employment.

At the date of the hearing claimant had not reached the end of the healing period, and her permanent disability, if any, was not ready to be rated. Claimant has been temporarily totally disabled by reason of her injury.

The Hearing Commissioner concluded as a matter of law that claimant sustained an injury by accident arising out of and in the course of her employment, and made an award of compensation to claimant for temporary total disability.

On appeal to the Full Commission all the defendants' assignments of error were overruled, and the findings of fact, conclusions of law and award of compensation by the Hearing Commissioner were affirmed, and the defendants appealed to the Superior Court.

In the Superior Court the order of the Full Commission was in all respects affirmed, and the defendants appealed to the Supreme Court.

*E. J. Wellons for plaintiff, appellee.*
*Teague, Johnson and Patterson for defendants, appellants.*

PARKER, J. The defendants' brief states "there is no dispute as to the facts," and the sole question for decision is "did the accident which plaintiff (claimant) sustained arise out of and in the course of her employment?"

"Where a parking lot constitutes a part of an employer's premises, or is provided by him, and an injury is sustained by an employee in a fall, or otherwise, while in such lot or while passing between it and his working place, or area, such injury has been held, in some circumstances and by some authorities, to arise out of, or in the course of, the employment, notwithstanding the employer was not obliged by the contract of employment to furnish a parking lot, and the employee was not obliged to come to work in an automobile. However, the contrary view has also been taken. . . ." 99 C.J.S., Workmen's Compensation, §234, f, Parking Lots. For substantially similar statements see 58 Am. Jur., Workmen's Compensation, p. 725; and Annotation 159 A.L.R. 1395 *et seq.*

In Larson's The Law of Workmen's Compensation, Vol. I, pp. 199-200, it is written: "One category in which compensation is almost always awarded is that in which the employee travels along or across a public road between two portions of his employer's premises, whether

going and coming, or pursuing his active duties. Parking lot cases are an increasingly common example in this category. It is usually held that an injury on a parking lot owned or maintained by the employer for his employees is an injury on the employer's premises."

The facts in the instant case are nearly on all fours with the facts in *John Rogers's* Case, 318 Mass. 308, 61 N.E. 2d 341, 159 A.L.R. 1394. The Massachusetts statute, Annotated Laws of Massachusetts, Vol. 4-B, Ch. 152, Workmen's Compensation, §26, provides "if an employee . . . ,receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer . . . , he shall be paid compensation. . . ." This statute also provides for compensation to an employee while using a motor vehicle "in the performance of work in connection with the business affairs or undertakings of his employer." The crucial findings of facts of that case were these: "The employee worked in a hat factory. He was accustomed to come to work in an automobile of a fellow employee which would be parked in a 'parking lot' owned and 'furnished' by the employer where the employer permitted its employees to park. At the time of the injury the automobile was parked as usual in the 'parking lot.' The employee left it to go to work, and while still on the lot and 'going down an incline,' he fell and broke an ankle. 'It was no part of the duty of the employee to use an automobile to reach his work.' The furnishing of the 'parking lot' was 'no part of the contract of employment.' Although the board did not expressly find that this lot was opposite the employer's factory, the uncontradicted evidence both of the employee and of the insurer was to that effect, and that fact seems to have been assumed. It was necessary, however, to walk a short distance down the street to the plant entrance." The Massachusetts Supreme Judicial Court said: "These facts require as matter of law a decree for the employee. Although the employee was not obliged to come to work in an automobile, and the employer was not obliged by contract to furnish the 'parking lot,' yet it is plain that it did furnish the lot as an incident of the employment, and that the employee, while actually on his employer's premises and on his way to the place where his day's work was to be performed by a route which he was permitted and expected to take, fell and was injured. It is of no consequence that a street intervened between the part of the employer's premises where the employee fell and the part where he was to work. The 'parking lot' was used as an adjunct to the factory. The case stands just as it would if the automobile had been parked on the same lot on which the factory

building stood and the employee had fallen while walking from the automobile to the factory door. The injury arose out of and in the course of the employment." While our statute does not contain all the provisions of the Massachusetts statute, it has a similar provision that a compensable injury means "only injury by accident arising out of and in the course of the employment," G.S. 97-2(f), and the decision seems to be based on a provision in the Massachusetts statute similar to our statute.

In *Hughes v. American Brass Co.* 141 Conn. 231, 104 A. 2d 896, the defendant maintained a parking lot near its casting shop for the convenience of its employees. The officials of the defendant knew that it was the custom of its employees to park their cars in the parking lot, and had consented to it, and acquiesced in it for about 25 years prior to December 1952. On 4 December 1952 claimant drove his car to the parking lot, parked it there, walked 10 or 15 paces toward the gatehouse on the bridge to report for work, slipped and fell on a slippery patch of snow or ice and was injured. The Connecticut statute, General Statutes of Connecticut, Revision of 1958, Vol. VI, Ch. 566, Workmen's Compensation Act, § 31-139, provides, " 'Arising out of and in the course of his employment' means an accidental injury happening to an employee . . . originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises. . . . A personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality." The Court said in finding no error in a judgment of the Superior Court sustaining a finding and award of compensation for his injury to claimant: "Upon the facts found, it is clear that the accident resulting in the plaintiff's injury, which thus occurred in the course of his employment, was a natural and necessary incident or consequence of the employment, or of the conditions under which it was carried on, though not foreseen or expected. The essential causal connection appears, therefore, to support the further conclusion that the accidental injury arose out of the employment. And where, as here, benefit to the employer was involved, this is so even though the particular act of the plaintiff was merely permitted rather than required."

*Federal Insurance Company v. Coram,* 95 Ga. App. 622, 98 S.E. 2d 214 (1957), was a proceeding under Workmen's Compensation Act to recover compensation for disability due to injury sustained by nurse's aid, while walking to parking lot on employer's premises en route to her home after completing her day's work. The employer, John D. Archbold Memorial Hospital, furnished the parking lot for

the convenience of its patients, visitors and employees. The injured employee had the right and privilege to park her car in said parking lot but was not required to do so. The employer did not furnish her transportation. The Court affirmed a judgment of the Superior Court affirming the full board's award of compensation, and said: "The finding that the accident arose out of and in the course of employment was authorized. The parking facilities were furnished by the employer for the use of the claimant employee and were furnished as an incident of employment. Where an employer furnishes an employee parking facilities on the employer's premises, it is, of course, necessary for the employee, before he can commence his actual employment duties, to park his automobile and walk from that portion of the employer's premises to that other portion of the premises where he performs his actual employment duties. We think this situation is analogous to one where the employee first reports to one part of the employer's premises for instructions, assignment, clock punching, drawing tools, etc., and then must proceed to another portion of the premises to begin his actual duties. See *Employers Ins. Co. of Alabama v. Bass,* 81 Ga. App. 306, 58 S.E. 2d 516. The 'rest period' and 'lunch hour' cases are not applicable here. The reasoning behind such cases is that during a rest period or lunch hour, an employee is spending such time for his personal benefit and pleasure. In the instant case it cannot be said that in proceeding from that portion of the premises where she parked, to her immediate work area and in returning therefrom, the claimant was on a purely personal mission. We think that going to and from the parking lot in order to reach and leave her immediate working area was a necessary incident to the claimant's employment."

For other parking lot cases in which under Workmen's Compensation Acts an award of compensation was decreed to an employee injured on a parking lot owned or maintained by the employer or while passing between the lot and the employer's working place as being an injury by accident arising out of and in the course of the employee's employment, see: *Teague v. Boeing Airplane Co.,* 181 Kan. 434, 312 P. 2d 220 (1957); *Buerkle v. United Parcel Service,* 26 N.J. Super. 404, 98 A. 2d 327; *Dewar v. General Motors Corp.,* 19 N.J. Misc. 297, 19 A. 2d 194; *Krovosucky v. Ind. Com.,* 74 Ohio App. 86, 57 N.E. 2d 607; *E. I. du Pont de Nemours & Co. v. Redding,* 194 Okla. 52, 147 P. 2d 166. See also *Murphy v. Miettinen,* 317 Mass. 633, 59 N.E. 2d 252.

In *Hardy v. Small,* 246 N.C. 581, 99 S.E. 2d 862, the deceased employee lived in a house on his employer's farm, and was employed to feed the livestock at a barn. The employer's farm was situate on both sides of N. C. Highway 32. The deceased employee crossed the high-

way, went to the barn, and fed the livestock. He then started across the highway to go to his home, and near the edge of the highway was struck by a car and killed. This Court in affirming an award of compensation held that his injury and death arose out of and in the course of his employment.

In *Morgan v. Cloth Mills*, 207 N.C. 317, 177 S.E. 165, the deceased employee was a piece worker in a cotton mill. On the morning of the accident he reported for work at the usual time, and was told to return at 11:00 or 12:00 o'clock. He said he would go home and return. Shortly thereafter he was found unconscious near a platform at an entrance to the mill, with indications that he had slipped on some ice or stumbled over some lumber or a hand truck on the unlighted platform and had fallen to the frozen ground fracturing his skull, which injury caused death. This Court held that the evidence was sufficient to support the Industrial Commission's finding that the employee's death resulted from an accident arising out of and in the course of his employment. See also *Gordon v. Chair Co.*, 205 N.C. 739, 172 S.E. 485, where an award of compensation was affirmed, when an employee went to a platform at the front of the mill to tell his son not to wait for him, and there slipped on ice and fell.

The defendants' brief cites a number of our cases. None of these cases have any reference to a parking lot owned or maintained by the employer, except *Horn v. Furniture Co.*, 245 N.C. 173, 95 S.E. 2d 521. In the *Horn* case claimant was struck by an automobile on the highway while going to lunch to a place of his own free choosing. All of these cases are distinguishable, and are not applicable here.

We are well aware of the cases which hold that while an employee is traveling to and from the employer's premises in transportation furnished solely by the employee and over a route chosen solely by the employee, he is not in the course of his employment, and an accident occurring during such time is not compensable. These cases are clearly not in point in the instant case, because the claimant here was not away from her employer's premises and traveling a route of her own choosing.

The employer in this case maintained and supervised a parking lot about 70 feet from the entrance to its plant. About 75 per cent of its employees used this parking lot for their automobiles when at work, with its consent and acquiescence. Clearly this parking lot was maintained and furnished by the employer for the benefit of its employees. Claimant parked her automobile on the parking lot maintained and provided by her employer for its employees, and about five minutes before she was to begin work was walking on her employer's premises

to another portion of its premises where she actually worked, when she fell and was injured by accident. It seems clear that claimant's going from this parking lot to her working area, all on her employer's premises, was a necessary incident to her employment, and there was a causal connection between her employment and the injury she received with the result that the injury by accident she suffered arose out of and in the course of her employment. She is, therefore, entitled to compensation under the North Carolina Workmen's Compensation Act.

The judgment of the Superior Court is
Affirmed.