CLARENCE W. MAURER, JR., EMPLOYEE v. THE SALEM COMPANY, INC.,
EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, INSURER.

(Filed 4 February, 1966.)

**1. Master and Servant § 94—**

If the evidence before the Industrial Commission, viewed in the light
most favorable to plaintiff, is sufficient to support the Commission's find-
ings of fact the courts are bound thereby.

**2. Master and Servant § 60—**

Evidence tending to show that a fellow employee agreed to give claimant
a ride home, that claimant and the fellow employee went straight from
work to the car, which was parked in an adjacent parking lot which the
employer furnished for the use of the employees free of charge, and that
after some 20 minutes used exclusively in trying to get the engine started,
claimant was injured while pushing the car, *held* to support an award, the
case falling within the exception to the general rule that injuries in travel
to and from work are not compensable.

APPEAL by defendants from *Shaw, J.,* September 6, 1965 Session,
FORSYTH Superior Court.

This proceeding originated as a compensation claim before the
North Carolina Industrial Commission.

The parties stipulated:   (1)   The employer-employee relation-
ship existed.   (2)   The parties are subject to and bound by the
Workmen's Compensation Act.   (3)   Claimant's average weekly
wage was $52.90.   (4)   The employer maintained for its employees
a parking lot adjacent to the factory for the vehicles they used in
going to and from work.

The claimant testified that on June 1 he did not drive his car to
work but made arrangements for Donald Caudle, a fellow employee,
to take him home by way of a friend's house where he intended to
deliver a package. Caudle's automobile was parked in the company's
lot. After completing their work, claimant and Caudle went from the
exit door of the plant to Caudle's vehicle, which failed to start. For
a period of 20 to 25 minutes Caudle and claimant continued their
efforts to get the engine started. Finally they released the brakes
and endeavored to start the engine by pushing the vehicle. Its for-
ward movement caught claimant and inflicted the injuries which
are the basis of his claim.

The Hearing Commissioner, from the stipulations and the evi-
dence, found and concluded that claimant suffered injury by acci-
dent arising out of and in the course of his employment, and awarded
compensation. On review, the Full Commission adopted the findings
and conclusions and approved the award. On appeal, Judge Shaw
overruled all assignments of error and affirmed the award. The de-
fendants appealed.

*Booe, Mitchell and Goodson by William S. Mitchell for plaintiff appellee.*

*Deal, Hutchins and Minor by John M. Minor for defendant appellants.*

HIGGINS, J. The facts in the case are not in dispute. The sole question of law is whether there was sufficient evidence and stipulations before the Commission to support the finding that claimant's injury arose out of and in the course of his employment. If the evidence and the stipulations, viewed in the light most favorable to claimant, support the findings the courts are bound by them. *Huffman v. Aircraft Co.*, 260 N.C. 308, 132 S.E. 2d 614; *Pitman v. Carpenter & Associates*, 247 N.C. 63, 100 S.E. 2d 231.

The Commission found the claimant was injured on employer's parking lot adjacent to the building where he worked. The employees were permitted by the employer to use the lot free of charge for parking vehicles in which they rode to and from work. After punching the clock at the end of the day's work both the claimant and his fellow-employee Caudle went directly to Caudle's vehicle according to their agreement that Caudle would take the claimant home. On the way home claimant intended to stop at a friend's house to deliver a package. This intent is without significance. The injury occurred while they were in the act of starting the vehicle and before they left the parking lot. Likewise without significance is the delay (20 or 25 minutes) after they left the exit door of the plant. The time was devoted exclusively to their efforts to start the vehicle. The delay under the circumstances was not unreasonable, nor was it caused by anything except the failure of the engine to ignite.

The claimant's injury in this case falls within the exception to the general rule that injuries in travel to and from work are not compensable. The injury in this case occurred on the parking lot used as an adjunct of the plant where the claimant worked. The lot was a part of the employer's premises. ". . . the great weight of authority holds that injuries sustained by an employee while going to and from his place of work upon the premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment within the meaning of the Workmen's Compensation Acts and are compensable provided the employee's act involves no unreasonable delay." *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E. 2d 570 (citing many authorities). "Parking lot cases are an increasingly common example in this category. It is usually held that an injury on a parking lot owned or maintained by the employer for his employees is an injury on the employer's

premises." *Davis v. Manufacturing Co.,* 249 N.C. 543, 107 S.E. 2d 102; *John Rogers Case,* 318 Mass. 308, 61 N.E. 2d 341, 159 A.L.R. 1394; 99 C.J.S., Workmen's Compensation, sec. 234, f. Parking Lots.

The stipulations and the evidence before the Commission were sufficient to support the Commission's critical findings and to justify the award. The judgment of the superior court overruling the appellants' assignments of error is

Affirmed.