NOLA H. ALTMAN v. ELLA MAE SANDERS AND ROBERT SANDERS.

(Filed 4 May, 1966.)

**1. Master and Servant § 86—**

If one employee inflicts a negligent injury on another employee, both being in the course of the employment, the remedy to recover for such injury is under the Workmen's Compensation Act, and the injured employee may not maintain an action at common law against the other employee, notwithstanding the negligent act may not be imputable to the employer at common law.

**2. Same—**

The allegations and findings were to the effect that the employer furnished a parking lot for his employees, that plaintiff employee, after parking her car and while walking to the plant to report for work, was struck by a vehicle operated by another employee who was then backing into a parking space preparatory to reporting for work. *Held:* The accident arose in the course of the employment, precluding an action at common law by the one employee against the other.

**3. Same; Automobiles § 55— Compensation Act does not preclude one employee from suing the principal of another employee when dual agency exists.**

One employee injured another in an accident in a parking lot furnished by the employer under circumstances precluding an action at common law by the injured employee against the other. The allegations and findings were to the effect that the alleged negligent employee was operating the car with the consent of her husband and that the husband owned and maintained the car as a family purpose vehicle. *Held:* While the alleged negligent employee is immune to suit at common law by virtue of the Compensation Act, the statutory immunity is not based on the absence of negligence on her part and does not preclude a suit at common law by the injured employee against the husband on the principle of agency under the family purpose doctrine.

MOORE, J., not sitting.

APPEAL by plaintiff from *May, S.J.,* January 1966 Civil Session of HARNETT.

This is an action for personal injuries alleged to have been sustained by the plaintiff when she was struck by an automobile. The complaint alleges that the automobile was owned by and registered in the name of Robert Sanders and was maintained by him as a family purpose vehicle. It is alleged that Ella Mae Sanders, his wife, was driving the vehicle at the time of the accident as the agent of her husband for such family purpose, and that her negligence, as specified in the complaint, in the driving of the automobile was the proximate cause of the plaintiff's injuries.

The answer denies negligence, pleads contributory negligence and, as a further answer and plea in bar, alleges that the plaintiff and Ella Mae Sanders were employees of Watson's Seafood & Poultry Company; that the accident occurred upon a parking lot provided by it for the use of the employees while at work; that the plaintiff, the defendant and their employer were subject to and bound by the provisions of the Workmen's Compensation Act; that any injury sustained by the plaintiff arose out of and in the course of her employment and was compensable under the Workmen's Compensation Act; that Ella Mae Sanders was acting in the course and scope of her employment by Watson Seafood & Poultry Company and, by virtue of the provisions of the said Act, is not liable to the plaintiff, these provisions being pleaded in bar of the plaintiff's right to maintain this action.

The plea in bar was heard by the court, without a jury, and the following facts (summarized) were found by the court, there being no exception to any such finding:

On the day of the accident the plaintiff and Ella Mae Sanders were both employed by Watson Seafood & Poultry Company, which was subject to the provisions of the Workmen's Compensation Act and had a policy of compensation insurance. The Watson Company maintained upon its premises a parking lot for the use of its employees, who entered its plant from the parking lot after passing through a gate where they were required to show identification badges before going into the plant. Both the plaintiff and Ella Mae Sanders were to report for work at the plant at midnight on the day of the accident. The plaintiff parked her automobile in the parking lot and at approximately 11:50 p.m. was walking toward the plant. At the same time, Ella Mae Sanders was backing the automobile of Robert Sanders, her husband, into a parking space in such parking lot preparatory to going into the plant so as to report for work. The plaintiff, while so walking toward the plant, and the automobile driven by Ella Mae Sanders and owned by Robert Sanders, while so backing, collided. At that time neither the plain-

tiff nor Ella Mae Sanders had actually reported for work inside the plant. Ella Mae Sanders was operating her husband's automobile in which four other employees of the Watson Company were riding as passengers. The Watson Company paid no part of the cost of their transportation in such automobile, such expense being shared by Ella Mae Sanders and her passengers.

Upon these facts, the court concluded as a matter of law that the plaintiff's injuries are the result of an accident arising out of and in the course and scope of her employment by the Watson Company and the alleged negligence of a fellow employee, acting in the course and scope of her employment by the Watson Company. The court further concluded as a matter of law that the defendants in this action are immune to suit by the plaintiff for such injuries, her exclusive remedy being against the Watson Company and its insurance carrier for compensation as provided in the North Carolina Workmen's Compensation Act. To these conclusions of law the plaintiff excepted and from the judgment of the superior court, entered pursuant to such findings and conclusions, sustaining the defendants' plea in bar and dismissing her action, the plaintiff appeals.

It was stipulated that Robert Sanders owned the automobile, that it was registered in his name, that it was a family purpose car and, that at the time of the occurrence in question, it was being driven with his permission by Ella Mae Sanders.

*Wilson & Bowen for plaintiff appellant.*

*Young, Moore & Henderson by J. Allen Adams for defendant appellees.*

LAKE, J. There has been no determination of the merits of this action. Thus, it has not been determined that Ella Mae Sanders was negligent in any respect, or that the plaintiff sustained an injury, or that, if she did, it was proximately caused by negligence of Ella Mae Sanders, or that the plaintiff was or was not contributorily negligent.

The judgment now before us for review dismisses the plaintiff's action against both defendants on the ground that even if Ella Mae Sanders was negligent in the operation of the automobile, if such negligence was the proximate cause of injuries to the plaintiff, if the plaintiff did not by her own negligence contribute to her injuries, and if Ella Mae Sanders was operating the automobile within the limits of the family purpose for which her husband, its owner, maintained it, the plaintiff may not recover either from Ella Mae

Sanders or from her husband, Robert Sanders, by reason of the North Carolina Workmen's Compensation Act.

The pertinent provision of that Act is found in G.S. 97-9, which reads as follows:

> "Every employer who accepts the compensation provisions of this article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified."

Where, as is true of the Watson Company in the present case, the employer maintains insurance coverage, as specified in the above statute, an employee, who is subject to the provisions of the Workmen's Compensation Act and who sustains an injury, arising out of and in the course of his or her own employment, cannot maintain an action at common law against another employee whose negligence, while conducting the employer's business, was the proximate cause of the injury. *Warner v. Leder,* 234 N.C. 727, 69 S.E. 2d 6. See also *Weaver v. Bennett,* 259 N.C. 16, 129 S.E. 2d 610.

In *Essick v. Lexington,* 232 N.C. 200, 60 S.E. 2d 106, this Court said that the phrase, "those conducting his [the employer's] business," which appears in the above statute, should be given a liberal construction. One must be deemed to be conducting his employer's business, within the meaning of this statute, whenever he, himself, is acting within the course of his employment, as that term is used in the Workmen's Compensation Act. It is not necessary, in order to bring an employee within the protection of this statute, to show that his act was such as would have been imputed to the employer at common law.

In *Davis v. Manufacturing Co.,* 249 N.C. 543, 107 S.E. 2d 102, this Court held that when an employer maintains upon his premises a parking lot for the use of his employees, an employee, who arrives upon the lot at a reasonable interval prior to the time when he is to report for work and who is injured by an accident upon such lot while proceeding to the plant to report for duty, is entitled to compensation under the provisions of the Workmen's Compensation Act. In *Maurer v. Salem Co.,* 266 N.C. 381, 146 S.E. 2d 432, this Court likewise held that an employee, injured by an accident upon such parking lot while preparing to leave the premises within a reasonable time after the termination of his day's work, is entitled to compensation under the Act.

The plaintiff, having parked her car in the parking lot, maintained by her employer (Watson Company) upon its premises, approximately ten minutes prior to the time when she was required to be at her post of duty, was injured by an accident while walking to the plant to report for work, assuming she was injured as she alleges. Assuming these to be the facts, the plaintiff would be entitled to compensation under the Workmen's Compensation Act. That is, the plaintiff was in the course of her employment as that term is used in the Act when she was injured. It is equally true, however, that had Ella Mae Sanders sustained an injury in the same collision she also would have been entitled to compensation therefor under the Act. That is, Ella Mae Sanders was then in the course of her employment as that term is used in the Act. Consequently, even if Ella Mae Sanders was negligent in the operation of the automobile and such negligence by her was the proximate cause of injuries sustained by the plaintiff, the plaintiff may not maintain an action against Ella Mae Sanders on account of those injuries. Thus, the dismissal of the action against Ella Mae Sanders was proper.

It does not follow, however, that the plaintiff may not maintain an action against Robert Sanders. It is stipulated that he was the owner of the automobile, that it was a family purpose car and was being operated by Ella Mae Sanders, his wife, with his permission. In *Lyon v. Lyon,* 205 N.C. 326, 171 S.E. 356, Connor, J., speaking for the Court, said:

> "It is well settled as the law in this State that where a husband owns an automobile, which he keeps and maintains for use by his wife for her pleasure, and the wife while driving the automobile, by her negligence causes injuries to a third person, such person may recover of the husband damages for his injuries. * * * The wife, as the driver of the automobile, is the representative of the husband, and although she is driving the automobile for her pleasure, is engaged in his business, while driving the automobile for the purposes of its ownership. The relationship between the husband and the wife, with respect to the automobile, is analogous to that of master and servant, or principal and agent, and not that of bailor and bailee."

In *Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427, Denny, J., later C.J., speaking for the Court, said:

> "In our opinion, the mere allegation that a car owned by a defendant is a family purpose car is an insufficient allegation upon which to recover under the family purpose doctrine.

"Ordinarily, a cause of action based solely on the family purpose doctrine is stated by allegations to the effect that at the time of the accident the operator was a member of his family or household and was living at home with the defendant; that the automobile involved in the accident was a family car and was owned, provided, and maintained for the general use, pleasure, and convenience of the family, and was being so used by a member of the family at the time of the accident with the consent, knowledge, and approval of the owner of the car. [Citations omitted.] Allegations which, if proven, are sufficient to invoke the family purpose doctrine, are sufficient to establish agency."

In the present case, the complaint is sufficient to meet the test so laid down in the *Lynn* case, but the stipulation, considered alone, is not so extensive. It merely states that Robert Sanders was the owner of the automobile, which was registered in his name, and that it was a "family purpose car," and was being operated by Ella Mae Sanders with the permission of Robert Sanders at the time referred to in the complaint. This stipulation should be read, however, in the light of the pleadings. When so read, it is sufficient to establish the agency relation between the defendants upon the basis of the family purpose doctrine.

One may be the servant or agent of another and acting within the course of his employment so as to make such employer or principal liable, under the doctrine of *respondeat superior,* for injuries proximately caused by his negligence, and at the same time be also in the course of his employment by another employer within the meaning of the Workmen's Compensation Act. See *Leggette v. McCotter,* 265 N.C. 617, 144 S.E. 2d 849.

By reason of the fact that Ella Mae Sanders was within the course of her employment by the Watson Company at the time of the alleged injury to the plaintiff, G.S. 97-9 throws about her a cloak of immunity from suit on account of such injury even if it was caused by her negligence in the operation of the automobile. The statute does not, however, extend this immunity to her husband, if it be established that she was driving the automobile as his agent and within the course of such employment.

It is well settled that when, as here, an employer and his employee are sued upon the ground that negligence or other misconduct of the employee was a proximate cause of injury to the plaintiff and that the employer is liable under the doctrine of *respondeat superior,* a judgment in favor of the employee upon the ground that the employee was not at fault compels a judgment in favor of the

employer also. *Morrow v. R. R.*, 213 N.C. 127, 195 S.E. 383; *White-hurst v. Elks*, 212 N.C. 97, 192 S.E. 850; *Nichols v. Fibre Co.*, 190 N.C. 1, 128 S.E. 471.

The same result is reached when the judgment in favor of the employee has been rendered in a prior action between such employee and the third party who thereafter institutes an action against the employer. *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125; *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366, 141 A.L.R. 1164; *Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570. This is an exception to the general rule that a judgment ordinarily binds only the parties and those in privity with them. *Coach Co. v. Burrell*, 241 N.C. 432, 85 S.E. 2d 688. In *Pinnix v. Griffin, supra*, it is said, "The exception is only an exemplification of the broad rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of him from whom his liability is derived."

In *Stone v. Coach Co.*, 238 N.C. 662, 78 S.E. 2d 605, there was a collision between the plaintiff's truck and the defendant's bus, resulting in injuries to the plaintiff and to the bus driver. The bus driver sued the plaintiff; a settlement was reached and a consent judgment was entered under which a payment was made to the bus driver. In the plaintiff's subsequent suit against the Coach Company, recovery was denied, this Court saying:

> "This defendant was the employer of Parker [the bus driver], who was about his master's business at the time of the collision. It is liable to plaintiff, if at all, under the doctrine of *respondeat superior*. A judgment which constitutes a release of Parker from further liability to plaintiff likewise releases this defendant, for it is legally liable only for damages proximately resulting from his negligence."

In *Pinnix v. Griffin, supra*, the third party sued both the employer and the employee in the same action. She recovered a judgment for $1,000 from the employee and a judgment of nonsuit was entered as to the employer. She appealed from the nonsuit only and it was reversed. On the second trial, she obtained a verdict against the employer for $5,000, but it was held that she could recover from the employer only $1,000, the former judgment against the employee, from which she did not appeal, fixing the amount for which the employer was liable. This Court said, "The plaintiff can have but one satisfaction — payment of the damages caused by the wrongful act of Griffin [the employee]."

When an employer is sued for damages on account of the negligence of his employee and there is no allegation of negligence, or

other fault, on the part of the employer himself, the employee's liability, if any, rests upon the doctrine that the act of the employee, in the course of his employment, is the act of the employer, just as if the employer were personally present and performing the act. *Qui facit per alium facit per se.* Consequently, a judgment that the employee's act was not negligent, or otherwise wrongful, destroys the basis upon which the plaintiff must proceed in order to recover against the employer. The employer is not liable because there has been no wrongful act or omission by him, acting through his employee.

A different situation is presented by the present case. Here, the judgment in favor of Ella Mae Sanders, the employee or agent of her husband, does not rest upon the ground that she was not negligent. It rests upon the ground that the statute makes her personally immune from suit on account of her negligence because, at the time of her negligent act or omission, she was in the course of her employment by the Watson Company. This statutory immunity has no connection with her employment by her husband to drive his automobile. He was acting, through her, in the driving of the automobile, if she was operating it with his consent and pursuant to the family purpose for which he maintained the automobile. It is as if he were personally present driving the vehicle in the same manner. Obviously, if he had brought his wife to her work, and had driven as she is alleged to have done, the Workmen's Compensation Act would not have made him immune to suit by the plaintiff for he was not conducting the Watson Company's business. He is equally subject to suit when, by the fiction of the law, he so drives by and through his wife as his agent. Though she, his agent or employee, is immune to suit by the plaintiff, he is not. *Cox v. Shaw,* 263 N.C. 361, 139 S.E. 2d 676; *Wright v. Wright,* 229 N.C. 503, 50 S.E. 2d 540. It was, therefore, error to dismiss the action as against Robert Sanders.

Affirmed as to Ella Mae Sanders.

Reversed as to Robert Sanders.

MOORE, J., not sitting.