BOBBY STRICKLAND v. ANTHONY KING, HAYNES JONATHAN BLANTON AND RAMSEY CHEVROLET CO., INC. AND RONNIE DALE SELLERS v. ANTHONY KING, HAYNES JONATHAN BLANTON AND RAMSEY CHEVROLET CO., INC.

No. 8

(Filed 15 December 1977)

1. **Master and Servant § 87— workmen's compensation— exclusion of common law action**

    An employee subject to the Workmen's Compensation Act whose injuries arise out of and in the course of his employment may not maintain a common law action against a negligent co-employee.

2. **Master and Servant § 62.3— workmen's compensation— injury while leaving work. on private road**

    Plaintiffs were not injured by accident arising out of and in the course of their employment when they were injured in a collision between two automobiles driven by fellow employees while they were leaving work on a two mile long private road maintained by the employer to provide ingress to and egress from the employer's plant where defendants, in driving plaintiffs home pursuant to a private arrangement, were not performing assigned duties for their employer; the accident occurred one and one-half miles from the employer's plant and parking lot on a road which was designed and constructed like a public highway; and the risks the employees were exposed to on the private road were not materially different from those encountered on a public highway. Therefore, plaintiffs could properly maintain a common law action against their allegedly negligent fellow employees.

3. **Automobiles § 97— liability of joint owner**

    Mere joint ownership of an automobile does not render one joint owner liable for· injuries caused by another joint owner while the latter is using the vehicle for his own purposes unaccompanied by his co-owner.

PLAINTIFFS instituted this civil action to recover for personal injuries allegedly received in an automobile accident. Judgments of dismissal by *Fountain, J.*, February 1976 Civil Session, COLUMBUS County Superior Court, were affirmed by the Court of Appeals, 32 N.C. App. 222, 231 S.E. 2d 193 (1977), (Clark, J., concurred in by Morris and Arnold, JJ.). We allowed discretionary review 5 April 1977.

The allegations of the parties, along with evidence at the motion hearing, tended to show the following:

An automobile driven by defendant Blanton, jointly owned by Blanton and defendant Ramsey Chevrolet Company, collided with a car operated by defendant King at about 4:10 p.m. on 20 May 1972 on a paved two-lane road owned and maintained by E. I. DuPont de Nemours and Company in Brunswick County. This private road was about two miles long and was the sole means of ingress and egress from the parking lot at DuPont's plant to the public highway. There were no signs near the entrance to the road directing other traffic to keep out, although there was a sign indicating that the road was private property. At the time of the accident, plaintiffs and defendants Blanton and King were employed by DuPont and, since the day shift had ended, were leaving work at the plant along with approximately one hundred other cars.

Defendants alleged in their amended answers that plaintiffs' claims were barred by the provisions of the North Carolina Workmen's Compensation Act. After a hearing, the trial court concluded that plaintiffs were injured by accident arising out of and in the course of their employment within the meaning of G.S. 97-2(6) and thus were barred from maintaining their common law actions.

Further facts necessary to the decision are related in the opinion.

*Williamson & Walton, by Benton H. Walton III, for plaintiff-appellant Bobby Strickland. Yow & Yow, by Douglas A. Fox, for plaintiff-appellant Ronnie Dale Sellers.*

*McGougan & Wright, by D. F. McGougan, Jr. for defendant-appellee Anthony King. Anderson, Broadfoot & Anderson, by Henry L. Anderson, Jr., for defendant-appellee Haynes Jonathan Blanton and Ramsey Chevrolet Company, Inc.*

COPELAND, Justice.

Plaintiffs contend that the North Carolina Workmen's Compensation Act has no application to this case and they consequently should be permitted to pursue their remedies at common law. For reasons hereinafter indicated, we agree and reverse the decision of the courts below.

[1]   The Workmen's Compensation Act, in G.S. 97-9, provides that the sole remedy for a covered employee against his employer or those conducting the employer's business is to seek compensation under the Act. Thus, an employee subject to the Act whose injuries arise out of and in the course of his employment may not maintain a common law action against a negligent co-employee. *Warner v. Leder*, 234 N.C. 727, 69 S.E. 2d 6 (1952).

[2]   The principal issue in the instant case is whether plaintiffs' injuries arose out of and in the course of their employment. Injuries received by an employee while traveling to or from his place of employment are usually not covered by the Act unless the employer furnishes the means of transportation as an incident of the contract of employment. *Whittington v. A. J. Schnierson & Sons, Inc.*, 255 N.C. 724, 122 S.E. 2d 724 (1961). However, injuries sustained by an employee while going to or from the work place on premises owned or controlled by the employer are generally deemed to have arisen out of and in the course of employment. *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E. 2d 570 (1962). In the case under consideration, plaintiffs were injured while leaving work on a road owned and maintained by their employer, the design and construction of which substantially complied with specifications for State highways. Defendants, in driving plaintiffs home, were performing no assigned duties for their employer; thus, the only factor which would suggest that this accident arose out of the parties' employment was the ownership and maintenance of the road by DuPont. Yet, even though an accident occurred on the employer's premises at a time when the employee was within the compass of his employment, this alone is insufficient to justify a finding that the injury arose out of the employment. *Bryan v. T. A. Loving Company and Associates*, 222 N.C. 724, 24 S.E. 2d 751 (1943).

Injuries in parking lots owned and maintained for employees by employers while arriving at or departing from the work site

have often been held to arise out of and in the course of employment because the risk of injury in such lots is different in kind and greater in degree than that experienced by the general public. *See, e.g., Altman v. Sanders*, 267 N.C. 158, 148 S.E. 2d 21 (1966); *Maurer v. The Salem Company*, 266 N.C. 381, 146 S.E. 2d 432 (1966); *Davis v. Devil Dog Manufacturing Company*, 249 N.C. 543, 107 S.E. 2d 102 (1959); *Harless v. Flynn*, 1 N.C. App. 448, 162 S.E. 2d 47 (1968). In the instant case, however, the accident occurred a *substantial* distance (one and one-half miles) from the employer's plant and parking lot on a road which differed in no significant respect from a public highway, other than its character as private property. The risks employees were exposed to in going to and coming from the plant were not materially different from those encountered on a public highway. Further, merely by driving their fellow employees home under an arrangement set up among themselves, defendants could not be said to have been conducting their employer's business. Thus, it is our conclusion that under the circumstances in this case plaintiffs are not barred by the provisions of G.S. 97-9 from pursuing their common law actions against the defendant co-employees.

[3] As to defendant Ramsey Chevrolet Company, however, the dismissal by the trial court was proper. As pointed out by the Court of Appeals, the Workmen's Compensation Act would not bar plaintiffs' claims against this defendant, since it was not a co-employee. *Altman v. Sanders, supra.* Nonetheless, mere joint ownership of an automobile does not render one joint owner liable for injuries caused by another joint owner while the latter is using the vehicle for his own purposes unaccompanied by his co-owner. *Rushing v. Polk*, 258 N.C. 256, 128 S.E. 2d 675 (1962).

Thus, with the exception of the dismissal of plaintiffs' actions against Ramsey Chevrolet Company, the decision of the Court of Appeals was erroneous and is

Reversed and remanded.