There is no factual dispute in this case. The issue to be determined is whether plaintiff's injury arose out of and in the course of his employment. The North Carolina Supreme Court has addressed factual situations similar to those arising in this case on several occasions and has spoken rather clearly that injuries occurring to employees while they are going to or leaving their employment while they are on the premises of their employer are compensable because such injuries are deemed to arise out of and in the course of the employee's employment without a further determination of whether or not the precise activity being engaged in at the moment of the injury was necessarily beneficial to the employer or of a more personal nature associated with the employee. Maurer v. Salem Co., 266 N.C. 381, 146 S.E.2d 432
(1966); Bass v. Mecklenburg County, 258 N.C. 226, 128 S.E.2d 570
(1962); and Davis v. Manufacturing Co., 249 N.C. 543,107 S.E.2d 102 (1959).
In Maurer v. Salem Co., the claimant, while in the employer's parking lot, was injured while pushing a fellow employee's car trying to get the engine started after work in order to get a ride home. The North Carolina Supreme Court found the case compensable because the injury occurred upon the employer's premises and thus fitted within the exception to the general "going and coming" rule. The Court also found that the 20 to 25 minutes between the claimant's departure from work and his injury was without significance since the time had been devoted exclusively to the efforts to start the vehicle. The Court said that this delay under the circumstances was not unreasonable, nor was it caused by anything except the failure of the engine to ignite. Maurer v.Salem Co., 266 N.C. 381, 146 S.E.2d 432 (1966).
In Bass v. Mecklenburg County the claimant, who was provided room and maintenance on the premises of her employment, was injured when she slipped and fell while on her way from her living quarters to the building where she expected to have breakfast before proceeding on to the main building where she worked. In recognizing her injury as compensable, the North Carolina Supreme Court noted that "the great weight of authority holds that injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment within the Workmen's Compensation Acts and are compensable, provided the employee's act involves no unreasonable delay." Bass v. Mecklenburg County, 258 N.C. 226, 128 S.E.2d 570
(1962).
In Davis v. Manufacturing Co., the claimant broke her ankle while walking from her parked car in the employer's parking lot down a clay walk to her employer's plant when she slipped and fell. The North Carolina Supreme Court again emphasized that the important point was that the claimant was on the employer's premises when her injury occurred. Davis v. Manufacturing Co.,249 N.C. 543, 107 S.E.2d 102 (1959).
In an earlier distinguishable case, Poteete v. Pyrophyllite,240 N.C. 561, 82 S.E.2d 693 (1954), on which the appellants rely, the claimant, a foreman, frequently returned to the employer's plant after his regular working hours to see how the work was going and to help correct any difficulties he found. On the day on which he was injured, the claimant had returned to the plant twice after his working hours for the purpose of seeing a co-employee to collect a personal debt. On his second visit he found a problem that he assisted with correcting before sitting on a wall to wait for the co-employee to become free so that he could talk with him about the debt in question. While sitting on the wall, he lost consciousness and fell off to his injury. In denying compensation benefits, the Court found that the evidence did not support a finding that the accident resulted from a risk incidental to the claimant's employment. The distinguishing feature of this case when compared to those cited above was that this was not a "coming or going" case wherein it is deemed that the employee who is injured on the employer's premises while "going and coming" to work has suffered an injury arising out of and in the course of his employment. The claimant in the Poteete
case had left the premises and subsequently returned for reasons unconnected with his employment.
With this background, the Full Commission has reviewed the Opinion and Award based upon the record of the proceedings before Deputy Commissioner William Bost and concluded that the appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
Therefore, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the Plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of Plaintiff's injury, an employment relationship existed between Plaintiff and Employer-Defendant.
3. At the time of the Plaintiff's injury, American Motorists Insurance Company provided Workers' Compensation coverage for the Employer-Defendant.
4. The Plaintiff has an average weekly wage of $423.02 yielding a compensation rate of $282.03.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The Plaintiff was employed by Lowe's Food Stores in Lenoir as a journeyman meat cutter. His job involved the usual tasks and duties of a meat cutter, as well as general clean up in the areas of the meat counter.
2. The Plaintiff worked at a store which was open for 24 hours per day excepting holidays. The Plaintiff normally worked a 40-hour week arriving at work at approximately 9:00 a.m. in the morning, and leaving at approximately 6:00 p.m. in the evening.
3. On December 24, 1994, Christmas Eve, the store closed early. The Plaintiff arrived at work at 9:00 a.m. that morning, and worked through approximately 6:55 that evening.
4. At some point during the work day, the Plaintiff shopped for various food items that he needed for his Christmas meal. The Plaintiff and his co-worker, Larry, placed these items in a grocery cart which was then wheeled to their work area. Perishable items were placed in the meat cooler.
5. Prior to the time that the store closed, an announcement was made that employees needed to complete the purchase of any items they needed as the cash registers were going to be closed. The Plaintiff and his co-worker went to the front of the store and paid for their groceries.
6. The Plaintiff and Larry completed their job duties at approximately 6:55 in the evening. At that time, the two workers clocked out and exited the store with their groceries. The two employees had parked close to one another in the side area of the store's parking lot which was operated and controlled by the defendant-employer. Employees were encouraged to park to the side of the store as opposed to right in front of the store.
7. When Plaintiff and Larry arrived at their vehicles, the Plaintiff realized that he had left perishable items in the meat department cooler. The two men loaded the other groceries into their cars. While Larry returned the grocery cart to the grocery cart bin, the Plaintiff got in his car and drove to the front of the store. By that time, Larry had gotten into his vehicle and left the store premises.
8. The Plaintiff knocked on the door and asked to be admitted so that he could pick up his personal items. Keith Weichman, the Store Manager, allowed the Plaintiff to enter the store. The Plaintiff walked straight back to the cooler, picked up his groceries, and began walking back towards the front of the building.
9. Prior to the end of the work day, the floors were mopped. As the Plaintiff came around the store's candy counter, his feet shot out from under him causing him to fall to the ground. The Plaintiff fell on his hip, back and right elbow.
10. The Plaintiff got back to his feet, indicating to Keith Weichman and another employee that he was all right. The Plaintiff testified that because it was Christmas Eve, he did not want to make any problems. The Plaintiff exited the store, got into his vehicle and left.
11. At the time of the Plaintiff's injury, he had clocked out, but had not left his employer's premises. His act of retrieving the perishable items which were stored in the meat department cooler did not involve an unreasonable delay in his departure from work.
12. On December 25, 1994, the Plaintiff was seen at the emergency room of Grace Hospital. The emergency room doctor diagnosed a laceration of the elbow and a contusion of the hip. The Plaintiff also had some complaints of upper back pain.
13. Thereafter, the Plaintiff continued his treatment with Dr. C. Michael Nicks of Hickory Orthopedic Center. The Plaintiff was seen by Dr. Nicks on December 30, 1994, at which time he was complaining of pain in both shoulders, between the shoulder blades, right elbow and right hip. The Plaintiff was referred to Burke Rehabilitation for physical therapy.
14. On January 24, 1995, the Plaintiff returned to work for the Employer-Defendant. The Plaintiff testified that since that time, he has continued to have various problems, including pain in the mid scapular and left shoulder area, as well as in the neck.
15. The Plaintiff was out of work due to the injury by accident from December 25, 1994 until January 24, 1995, during which time the Plaintiff was incapable of earning the same wages he earned before his injury in the same employment, was incapable of earning the same wages he earned before his injury in any other employment, and this incapacity to earn wages was caused by his injury.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Injuries sustained by an employee while going to and from his place of work upon the premises owned or controlled by his employer are deemed to have arisen out of and in the course of the employment within the meaning of the Workmen's Compensation Act and are therefore compensable. Gen. Stat. § 97-2(6). Maurerv. Salem Co., 266 N.C. 381, 146 S.E.2d 432 (1966); Harless v.Flynn, 1 N.C. App. 448, 162 S.E.2d 47 (1968); Bass v. MecklenburgCounty, 258 N.C. 226, 128 S.E.2d 570 (1962); Davis v.Manufacturing Co., 249 N.C. 543, 107 S.E.2d 102 (1959); and Barhamv. Food World, Inc., 45 N.C. App. 409, 263 S.E.2d 285 (1980).
2. As a result of his compensable injury on December 24, 1994, Plaintiff is entitled to temporary total disability compensation at the rate of $282.03 per week, from December 26, 1994 to January 24, 1995. Gen. Stat. § 97-29.
3. Defendants shall pay all medical expenses incurred by Plaintiff as a result of his compensable injury on December 24, 1994. Gen. Stat. §§ 97-90.
4. Plaintiff's attorney is entitled to appropriate compensation. Gen. Stat. §§ 97-90.
******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. For his temporary total disability compensation, defendants shall pay all temporary total disability compensation to Plaintiff at the rate of $282.03 per week, from December 26, 1994 to January 24, 1995.
2. Defendants shall pay all medical expenses incurred by Plaintiff as a result of his compensable injury on December 24, 1994, when bills for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
3. A reasonable attorney fee of twenty-five percent of the compensation due Plaintiff under Paragraph 1 of this AWARD is approved for Plaintiff's counsel and shall be paid as follows: Twenty-five of the lump sum due Plaintiff shall be deducted from that sum and paid directly to Plaintiff's counsel.
4. Defendants shall pay the costs.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/db