GARRETT CHARLES ROBINSON, EMPLOYEE v. NORTH CAROLINA STATE HIGHWAY COMMISSION, SELF-INSURER EMPLOYER

* * *

MRS. PEARL ROBERTS, WIDOW AND ADMINISTRATRIX OF RICH- ARD LEE ROBERTS, DEC'D EMPLOYEE v. NORTH CAROLINA STATE HIGHWAY COMMISSION, SELF-INSURER EMPLOYER

No. 7128IC624 and No. 7128IC686

(Filed 15 December 1971)

1. Master and Servant § 56— workmen's compensation — causal relation between injury and employment

In order to recover for an injury under the Workmen's Compensa- tion Laws, the claimant must prove that the injury was the result of an accident arising out of and in the course of his employment; the

Robinson v. Highway Comm. and Roberts v. Highway Comm.

words "out of" refer to the origin or cause of the accident and the words "in the course of" refer to the time, place and circumstances under which it occurred.

2. **Master and Servant § 62— workmen's compensation — injury while leaving work**

> Injuries received by persons employed by the Highway Commission as mowing machine operators when their car went out of control as they were leaving work on a private road controlled and maintained by the Highway Commission and leading from the area where the employees reported to work *are held* to have arisen out of and in the course of their employment.

APPEAL by defendant from orders of the Full Industrial Commission filed 10 May 1971 and 2 August 1971.

Plaintiff Robinson and plaintiff's decedent Roberts (hereinafter called plaintiffs) were on 24 April 1970 employed by defendant at its "Craggy Hill" or "Pig Hill" complex in Buncombe County. Both Robinson and Roberts were assigned to the Landscape Department. Other of defendant's departments, such as the Resident Engineer's Office, a sign shop, a salt bin, and the Maintenance Operations area were also located in the complex. Robinson and Roberts reported to work daily at 8:00 a.m. at the Landscape Department and from there would go about their appointed rounds of cutting grass along highways in the area. Both would return in the afternoon in time to leave by 4:30 p.m. The Landscape Department buildings were enclosed on three sides by fencing and on the fourth side by a steep bank. A gravel driveway provided access to the fenced-in area from the paved Pig Hill Road. Robinson and several other employees regularly rode to and from work with Roberts and paid him $8.00 per month for this convenience.

North Carolina Highway 191 is the major public thoroughfare adjacent to the complex. In order to reach the Landscape Department one must turn off N.C. 191 and follow a 14' wide paved road approximately 1000 feet to the summit of Pig Hill. Plaintiffs, on a normal working day, would descend from the Landscape Department area, via Pig Hill Road, at least twice— once in the morning when bringing the mower down, and once in the afternoon on the way home. At the bottom of this road is an intersection known as "Five Points." One of the roads from this intersection leads to the Craggy Prison Complex which property is adjacent to that controlled by defendant. The road leading to

the Landscape Department is on the property assigned to defendant and is controlled and maintained by defendant for the use of its employees and other individuals having business to conduct with defendant. It is not a part of the State Highway Commission's secondary or primary road system. This road is rather steep, having a grade of between twelve to fifteen percent in places.

On the afternoon of 24 April 1970 Robinson and Roberts returned to the Landscape Department atop Pig Hill after completing their daily tasks. They and two other employees entered Roberts' car for the trip home. After they traveled about 300 feet down Pig Hill, Roberts, the driver of the car, lost control of the speed of his vehicle. The vehicle ran down an embankment and came to rest against the paint shop. As a result of the accident Robinson suffered serious bodily injuries and Roberts was killed.

Plaintiffs filed notice of a claim for Workmen's Compensation benefits. Both cases were heard before Deputy Commissioner A. E. Leake in Asheville, North Carolina, at different times, and on 6 January 1971 an opinion and award was filed in favor of Robinson. On 4 June 1971 a similar opinion and award was filed in favor of the administratrix of the estate of Richard Lee Roberts. Defendant appealed both awards to the Full Industrial Commission. On 10 May 1971 the Full Commission affirmed the award to Robinson and on 2 August 1971 the award to Roberts' administratrix was likewise affirmed. Defendant appealed. In light of the fact that the circumstances surrounding the accident and the law to be applied in each case are the same, the cases were consolidated for consideration and determination on appeal.

*Williams, Morris and Golding by James W. Williams for plaintiff appellee Robinson.*

*Van Winkle, Buck, Wall, Starnes and Hyde by Roy W. Davis, Jr., for plaintiff appellee Roberts.*

*Attorney General Robert Morgan by Staff Attorney Richard B. Conely for defendant appellant.*

VAUGHN, Judge.

[1, 2] In order to recover for an injury under Workmen's Compensation Laws in North Carolina, the claimant must

McElrath v. Insurance Co.

prove that the injury was the result of an accident arising out of and in the course of his employment. G.S. 97-2(6). "It is settled law in this State that the words 'out of' refer to the origin or cause of the accident, and that the words 'in the course of' refer to the time, place and circumstances under which it occurred." *Bass v. Mecklenburg County,* 258 N.C. 226, 128 S.E. 2d 570. The injury and death in these cases fall within the exception to the general rule that injuries in travel to and from work are not compensable. See *Bass v. Mecklenburg County, supra; Bountiful Brick Co. v. Giles,* 276 U.S. 154, 72 L.Ed. 507; *Maurer v. Salem Co.,* 266 N.C. 381, 146 S.E. 2d 432; 99 C.J.S., Workmen's Compensation, § 234 and the numerous cases cited in the above references. We hold that the Industrial Commission did not err in its conclusion that the death of Roberts and injury to Robinson resulted from an accident arising out of and in the course of their employment.

Affirmed.

Judges BROCK and BRITT concur.