LUDIE TAYLOR, Employee, Plaintiff v. ALBAIN SHIRT COMPANY, INC., Employer; AMERICAN MUTUAL LIABILITY INSURANCE CO., Carrier, Defendants

No. 758IC377

(Filed 17 December 1975)

Master and Servant § 62— workmen's compensation — injury while crossing street — accident not in course of employment

Plaintiff's accident did not arise "in the course of" her employment where plaintiff had clocked out at the end of her shift and was struck by an automobile as she attempted to cross a public street in front of her employer's factory while on her way to a private parking lot which was neither owned, controlled, nor in any manner provided by her employer, notwithstanding employees of defendant constituted a great majority of persons using the street at the time of the accident and the driver of the car which struck plaintiff had just picked up one of defendant's employees.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 20 February 1975. Heard in the Court of Appeals 2 September 1975.

This is a proceeding under the Workmen's Compensation Act, G.S. Ch. 97. Plaintiff employee was injured on 5 January 1973 when she was struck by an automobile as she was crossing the street in front of defendant employer's factory. Plaintiff had just clocked out at the end of her shift and was on her way to her car, which was parked in a private parking lot across the street from the factory.

Defendant's factory is located on the east side of North East Street in Kinston, the front wall of the factory being built on the property line separating the defendant's property from the right-of-way owned by the city. In front of the factory there is a dirt sidewalk running along the east side of the asphalt paved street between the front wall of the factory and the concrete curb on the east side of the street. The distance between the front door of the factory and the concrete curb is approximately 20 feet. The employer owns no interest in the dirt sidewalk or in the street.

Defendant employer employs between 425 and 465 employees. It maintains a parking lot for its employees on the east side of the street immediately north of the factory building. Employees using this factory-owned parking lot can walk between the lot and the factory along the dirt sidewalk on the

east side of the street without having to cross a street. There exists a privately-owned parking lot directly across the street from the factory. As of 5 January 1973 approximately 20 employees, including plaintiff, parked on this lot and paid one dollar per week for that privilege. The remainder of the employees who drove to work parked in the factory-owned lot or on a street near the factory.

On Friday, 5 January 1973, the work shift for all employees ended at 4:00 p.m. At that time plaintiff, with other employees, proceeded to the time clock, punched out, and exited through the front door. She walked across the 20-foot wide dirt sidewalk and stepped off the curb onto the paved street between two parked cars. Both of these cars were parked heading north on the east side of the street parallel and adjacent to the curb. The drivers of these cars were waiting to pick up other employees who were leaving the factory at the same time as the plaintiff. Immediately before plaintiff reached the street, the employee who was being picked up by the northern-most parked car, located to plaintiff's right, had gotten into that car. The driver of that car, intending to drive away, mistakenly placed that car in reverse. Just as plaintiff walked between the two parked cars, the car on her right moved suddenly backward, crushing plaintiff between the rear of that car and the front of the car on her left, severely injuring plaintiff. At the time plaintiff was injured, other employees were still leaving the factory, and the street was crowded with cars driven by employees or by persons who had come to pick up employees.

The Deputy Commissioner hearing plaintiff's claim made findings of fact and concluded that "[t]he injury by accident, given the facts and circumstances of this case, arose out of and in the course of the employment notwithstanding the fact that claimant was beyond the official time and space limitations of the employment because the risk of street injury was increased by discharging 425 to 465 employees at approximately the same time and because said risk followed claimant into the street thereby temporarily, for a short period of time and distance, extending the time and space limitations of the employment." Based on his conclusion that plaintiff's injuries arose out of and in the course of her employment, the Deputy Commissioner held plaintiff's claim to be compensable.

On appeal, the Full Commission vacated the hearing Deputy's findings to the effect that "the practice of releasing 425

to 465 employees at the same time at the end of a working day, given the facts and circumstances of this case, extended the zone of danger and environment of the employment onto the public street in front of the factory during an undisclosed period of time prior to and after termination of the formal working day." In place of the vacated findings, the Full Commission made the following findings of fact:

> "15. At the time of plaintiff's injury she had finished her work for the day, had left the premises of her employer, had 'clocked out' and was free to go wherever she chose. She had reached a point where her employer had no control over her movements or the property on which she was located.
>
> 16. Plaintiff was on her way from her place of work to a privately-owned parking lot, not controlled, maintained or furnished by her employer, at the time of her accident.
>
> 17. Plaintiff's injury did not arise out of or occur in the course of her employment. The risk of her injury was a risk shared equally by all members of the traveling public in her community, she being on a public street, and it is, therefore, not traceable to her employment."

From the order of the Full Commission denying her claim, plaintiff appealed.

*Brock & Foy by Donald P. Brock for plaintiff appellant.*

*Hedrick, McKnight, Parham, Helms, Kellam & Feerick by Philip R. Hedrick and Edward L. Eatman, Jr. for defendant appellees.*

PARKER, Judge.

For an injury to be compensable under the Workmen's Compensation Act, it must be "by accident *arising out of* and *in the course of* the employment." (Emphasis added.) G.S. 97-2(6). "The two italicized phrases are not synonymous; they 'involve two ideas and impose a double condition, both of which must be satisfied in order to bring a case within the Act.'" *Robbins v. Nicholson,* 281 N.C. 234, 238, 188 S.E. 2d 350, 353 (1972). "The words 'in the course of' as used in the statute, refer to the time, place and circumstances under which the accident occurred, while 'out of' relates to its origin or cause."

*Bell v. Dewey Brothers, Inc.*, 236 N.C. 280, 282, 72 S.E. 2d 680, 682 (1952).

Here, the accident occurred at a time after plaintiff had completed her regular work shift, had "clocked out" on the time clock provided by her employer for that purpose, and had left her employer's premises for the day. It occurred at a place which was not on her employer's premises and over which it had no control. Thus, the accident did not arise "in the course of" her employment. Cases such as *Maurer v. Salem Co.*, 266 N.C. 381, 146 S.E. 2d 432 (1966) and *Davis v. Manufacturing Co.*, 249 N.C. 543, 107 S.E. 2d 102 (1959), holding to be compensable injuries received by accident occurring on an employer-provided parking lot, are not here controlling. Here, the accident occurred on a public street which plaintiff was attempting to cross while on her way to a private parking lot which was neither owned, controlled, nor in any manner provided by her employer.

We find the decision in *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751 (1943) dispositive of the present case. There, the employee was killed when he was struck by a car while attempting to walk across a public highway to report for work at his duty station located immediately across the highway on his employer's premises. In holding the death to be non-compensable under the Workmen's Compensation Act, the opinion of the Court written by Barnhill, J. (later C. J.) pointed out that the facts that employees of defendant constituted the great majority of those who used the highway and that the operator of the car which struck the deceased was also an employee of defendant did not justify the conclusion that the public highway was a part of the defendant employer's premises. The opinion goes on to state (p. 729):

> "The hazard created by traffic on the highway under the circumstances of this case cannot fairly be traced to the employment. It cannot be said that it was, at the time and place and under the circumstances disclosed, a natural incident of the work. It was not created by the employer. It did not arise out of the exposure occasioned by the nature of the employment. It was neither an ordinary nor an extraordinary risk directly or indirectly connected with the services of the employee. On the contrary, any other person undertaking to cross a public highway under the

same or similar circumstances would be subjected to the identical hazard encountered by him.

It is conceded that if deceased had been injured 100 yards down the road the injury would not be compensable. That he was instead within 30 or 40 feet of his destination does not alter the purpose of his going or warrant a different conclusion."

We conclude that in the present case plaintiff has failed to show a compensable claim under the Workmen's Compensation Act, and the order of the Industrial Commission denying the claim is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.