BOBBY STRICKLAND v. ANTHONY KING, HAYNES JONATHAN BLANTON AND RAMSEY CHEVROLET CO., INC.
— AND —
RONNIE DALE SELLERS v. ANTHONY KING, HAYNES JONATHAN BLANTON AND RAMSEY CHEVROLET CO., INC.

No. 7613SC568

(Filed 19 January 1977)

1. **Master and Servant § 62— workmen's compensation — injury while leaving work site**

    Plaintiffs were injured by accident arising out of and in the course of their employment where they were injured in a collision between two automobiles driven by fellow employees while they were leaving work on a private road maintained by the employer to provide ingress to and egress from the employer's plant; therefore, plaintiffs had no right to sue their allegedly negligent fellow employees.

2. **Master and Servant § 87— workmen's compensation — no right to sue fellow employees**

    The Workmen's Compensation Act will not be construed to give an employee injured in an automobile accident on the employer's premises an option to file under the Act or to sue a negligent fellow employee because of the existence of compulsory automobile liability

insurance since G.S. 97-9 has been held on numerous occasions to prohibit an employee from suing a negligent fellow employee.

3. **Automobiles § 97— liability of joint owner**
    Joint ownership of an automobile does not render one joint owner liable for an injury caused by another joint owner who is using the vehicle for his or her own purpose and is unaccompanied by the other joint owner.

APPEAL by plaintiff from *Fountain, Judge*. Judgments entered 26 February 1976 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 18 November 1976.

Plaintiffs and defendants King and Blanton are employed by E. I. DuPont de Nemours and Company at its plant in Brunswick County. Plaintiffs and defendant Blanton regularly shared rides to work. On 20 May 1972 a car which was driven by defendant Blanton, allegedly jointly owned by Blanton and defendant Ramsey Chevrolet and in which plaintiffs were riding collided with a car driven by defendant King. The collision occurred about 4:10 p.m., shortly after the end of the day shift at the DuPont plant, as plaintiffs and defendants King and Blanton were leaving work. The collision occurred on a private two-lane paved road maintained and owned by DuPont, at a point about a mile and a half from the plant site. There were approximately one hundred cars exiting the plant on the road at that time.

Plaintiffs were injured as a result of the collision and brought suit, alleging that the injuries were proximately caused by the negligence of the defendants. In an amendment to their answers, defendants alleged that the claims were barred by the provisions of the North Carolina Workmen's Compensation Act. After a hearing on this plea, in addition to the facts set forth above, the court found the following: That this road was the only road for ingress and egress to the plant; that the road ran for a distance of about two miles from the private parking lot at the plant to a public highway; that the road was owned and maintained exclusively by DuPont; that at the entrance to the private road there were no signs saying "Keep Out" or "Private Property" but there was one that stated that the road was the private property of DuPont. The court concluded that the actions were barred because plaintiffs were injured as a result of an accident arising out of and in the course of their employment. From judgments of dismissal, plaintiffs appeal.

*Williamson & Walton by Benton H. Walton III for plaintiff appellants.*

*Anderson, Broadfoot & Anderson by Henry L. Anderson, Jr., for Haynes Jonathan Blanton and Ramsey Chevrolet Co., Inc., defendant appellees; and McGougan and Wright by D. F. McGougan, Jr., for Anthony King, defendant appellee.*

CLARK, Judge.

[1] The issue presented upon appeal is whether plaintiffs were injured as a result of an accident arising out of and in the course of their employment as those terms are defined in the Workmen's Compensation Act.

The term "in the course of" refers to time, place, and circumstance. *Taylor v. Shirt Co.*, 28 N.C. App. 61, 220 S.E. 2d 144 (1975). In *Robinson v. Highway Comm.* and *Roberts v. Highway Comm.*, 13 N.C. App. 208, 185 S.E. 2d 333 (1971), the court affirmed an award to employees who were injured as they were leaving work when the car in which they were riding ran off the road. The accident occurred at a point about 300 feet from a work site on a road maintained by the employer to provide ingress and egress to the work site.

The accident in the present case occurred shortly after the work shift had ended. It occurred on the employer's premises. It occurred on the only road for egress from the plant and in congested traffic conditions which existed because a large number of employees were leaving the plant on the same road at the same time.

The term "arising out of" refers to the origin or cause of the accident. *Harless v. Flynn*, 1 N.C. App. 448, 162 S.E. 2d 47 (1968). Plaintiffs contend that this accident arose from ordinary traffic risks and not from risks related to their employment. There was evidence which tended to show that the road was built according to State specifications. However, the road was on the employer's property and was maintained by the employer. Plaintiffs alleged that two fellow employees were responsible for their injuries. The fact that the road on which the accident occurred resembled public roads in some respects is not sufficient to isolate from their employment the risks arising when employees use their employer's road incident to their work and are injured thereon by fellow employees. See Annot.,

82 A.L.R. 1046 (1933) ; Annot., 50 A.L.R. 2d 363 (1956). We cannot say that the trial court erred in finding that the accident arose out of and occurred in the course of plaintiffs' employment.

[2] Plaintiffs' more fundamental contention is that the terms "arising out of" and "in the course of" should be construed differently in negligence and compensation actions. They contend that with the advent of compulsory automobile liability insurance, the Workmen's Compensation Act should be liberally construed to give the employee injured in an automobile accident on the employer's premises an option to file under the Act or to sue a negligent fellow employee. G.S. 97-9 provides in part that:

> "Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified."

On numerous occasions it has been held that this provision prevents an employee from suing a negligent fellow employee. *Stanley v. Brown,* 261 N.C. 243, 134 S.E. 2d 321 (1964) ; *Burgess v. Gibbs,* 262 N.C. 462, 137 S.E. 2d 806 (1964) ; *Warner v. Leder,* 234 N.C. 727, 69 S.E. 2d 6 (1952). The intent of the legislature controls the interpretation of a statute. *Person v. Garrett, Comr. of Motor Vehicles,* 280 N.C. 163, 184 S.E. 2d 873 (1971). The legislature has amended other provisions of the Act several times subsequent to these decisions. Since it has not amended this provision, we presume that the courts have interpreted it in accordance with the legislature's intent. *Brown v. Brown,* 213 N.C. 347, 196 S.E. 333 (1938) ; 73 Am. Jur. 2d Statutes § 169 (1974). Irrespective of the merits of optional coverage, we think that a revision of such magnitude falls within the province of the legislature.

[3] The order purports to dismiss the claim against all defendants on the basis of the bar raised by the Workmen's Compensation Act. However, the Act would not bar a claim against defendant Ramsey Chevrolet Company since it was not a fellow employee of plaintiffs. *Altman v. Sanders,* 267 N.C. 158, 148 S.E. 2d 21 (1966). The basis for alleged liability of

this defendant was that it was a co-owner of the car with defendant Blanton, and that defendant Blanton was driving with its consent. It is the general rule, recognized in North Carolina, that joint ownership of an automobile does not render one joint owner liable for an injury caused by another joint owner who is using the vehicle for his or her own purpose and is unaccompanied by the co-owner. *Rushing v. Polk*, 258 N.C. 256, 128 S.E. 2d 675 (1962); *Gibbs v. Russ*, 223 N.C. 349, 26 S.E. 2d 909 (1943). These allegations do not state a claim on which relief can be granted.

The judgments of dismissal are

Affirmed.

Judges MORRIS and ARNOLD concur.