BERTA MAE BRANNON, Plaintiff-Employee v. WESTCHESTER ACADEMY, Defendant-Employer and LUMBERMENS MUTUAL INSURANCE COMPANY, Defendant-Insurance Carrier

No. 7810IC837

(Filed 19 June 1979)

**Master and Servant § 62— workmen's compensation—employee leaving work—fall on slippery street—no accident arising out of employment**

Plaintiff's injury did not arise out of and in the course of her employment and therefore was not compensable under the Workmen's Compensation Act where the evidence tended to show that plaintiff fell on a public street made slippery by snow after she had completed her work shift and after she had left her employer's premises for the day; plaintiff was not performing any of the duties of her employment or anything else that would have benefited her employer; and the hazard presented by the slippery condition of the street could not be traced to her employment.

APPEAL by defendants from an order of the North Carolina Industrial Commission entered 19 July 1978. Heard in the Court of Appeals 29 May 1979.

The Commission's findings of fact are, in part, as follows:

"1. Defendant employer is a private institution engaged in delivery of educational services for hire. The premises is located on a hill in a residential district, access to which is by public street. Pine Tree Lane dead ends on the premises. Cascade Drive is the means of access to Pine Tree Lane. Access to one end of Cascade Drive is by way of Abbotts Creek Church Road. No part of defendant employer's premises borders on Abbotts Creek Church Road. No part of the premises borders on that portion of Cascade Drive that connects Abbotts Creek Church Road and Pine Tree Lane.

2. Claimant was cook for defendant employer on 24 January 1977. Her hours of employment were nine a.m. to two-thirty p.m.

3. Claimant's husband usually drives her to and from work via Abbotts Creek Church Road, Cascade Drive and Pine Tree Lane. He lets her out and picks her up at defendant employer's premises in the parking lot.

4. Snow fell after claimant got to work on 24 January 1977. School was let out early. The bus or buses could not reach the premises because of the snow. The bus stop was temporarily transferred from the premises to the intersection of Abbotts Creek Church Road and Cascade Drive. The children were escorted to the temporary bus stop by members of defendant employer's staff.

5. Claimant completed her duties and left work at approximately two-fifteen p.m., the usual time. Her husband had attempted but was unable to negotiate the hill between Abbotts Creek Church Road and Pine Tree Lane. He parked his car on Cascade Lane closer to Abbotts Creek Church Road than Pine Tree Lane.

6. Don Farlow, Head Master of defendant employer, escorted claimant and a co-employee from the premises along Pine Tree Lane and Cascade Drive toward claimant's husband's automobile. Claimant slipped in the snow and fell on Cascade Drive halfway between Pine Tree Lane and Abbotts Creek Church Road. The fall occurred between the premises and the temporary bus stop. The fall also occurred before claimant reached the safety of her husband's vehicle."

The Commission concluded that the fall was an accident arising out of and in the course of her employment and made an award based on the injuries plaintiff sustained in the fall.

*Brinkley, Walser, McGirt, Miller & Smith, by D. Clark Smith, Jr., for plaintiff appellee.*

*Richard L. Vanore, for defendant appellants.*

VAUGHN, Judge.

Certain of defendants' assignments of error were directed to the findings of fact and have merit. For example, finding of fact No. 3 is not only unsupported by the record but is contrary to plaintiff's own testimony. Plaintiff testified that she usually drove her car to work and parked in defendant's parking lot. On the day of the accident, however, she had her husband take her to work because snow had been predicted. Her husband returned to pick her up after work that afternoon and was walking beside her

when she fell on a public street some distance from her place of employment.

We need not, however, discuss whether all of the other findings are supported by evidence. We conclude that even the facts as found do not support the conclusion that plaintiff's accident arose out of and in the course of her employment.

The accident occurred after plaintiff had completed her work shift and after she had left her employer's premises for the day. It occurred on a public street over which her employer had no control. She was not performing any of the duties of her employment or anything else that would have benefited her employer. The hazard presented by the slippery condition of the street cannot be traced to her employment. It was certainly not created by the employer. It was not a risk connected with her services as an employee. Any member of the general public undertaking to walk down that street under the same circumstances would have been subjected to the identical hazard. The accident, therefore, neither arose out of the employment nor occurred in the course thereof. *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751 (1943); *Taylor v. Shirt Co.*, 28 N.C. App. 61, 220 S.E. 2d 144 (1975), *cert. den.*, 289 N.C. 302, 222 S.E. 2d 703 (1976).

Plaintiff strongly relies on *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862 (1957). In that case, a thirteen-year-old boy was killed while crossing the road to his home after laboring at his employer's barn. There, however, the employee lived on his employer's farm. The farm was located on both sides of a highway. The house was furnished to the employee's family rent free so that the members of the family would be available for farm labor as the need arose. At the time of the accident, he was employed to go to the barn several times a day and feed the livestock. At other times of the year, he would be employed to work in the fields. The Court said:

"It would seem unrealistic and unduly restrictive to say that deceased would be in the course of his employment while in a particular field where he was directed to perform labor on a particular day but not while going back and forth across the farm between the area of the house and such field.

The feeding of the livestock was just as much a part of the operation of the farm as tending the crops. In respect of the particular work he was employed and directed to do when fatally injured, the circumstances impel the conclusion that the real nature of his employment was to go to the barn and feed the livestock. The feeding of the livestock being a part of the operation of the farm as a whole, the trip (across the farm) between the area of the house and the barn may reasonably be considered within the terms of his employment. So considered, the period of his employment commenced when he left the area of his house for the barn; and, in the absence of evidence of deviation, terminated upon his return from the barn to the area of the house. The fact that he was injured while in such employment and *on a mission for his employer* affords sufficient factual basis for the determination that his injury arose out of and in the course of his employment.

It is noteworthy that the public highway was neither necessary nor used as a means of access to the barn, *i.e.*, in the sense of travel *along* the highway. The fact that he had to *cross* the highway on his way to and from the barn constituted an additional hazard of his employment; for if the house and barn had not been separated by the public highway, means of access between the area of the house and the barn would have been equally available and safer." *Hardy v. Small, supra*, at 586. (Emphasis added.)

Plaintiff also relies on *Hinkle v. Lexington*, 239 N.C. 105, 79 S.E. 2d 220 (1953), where the decedent, a cemetery keeper for the city, was killed as he crossed a street on the way to a funeral home. It was the employee's usual custom to walk to the funeral homes in the city each evening in order to ascertain if graves would need to be dug, funerals arranged and cemetery lots sold. On the evening in question the decedent set out on his usual round, but in crossing a street on the way to the funeral homes, he was struck by an automobile and killed. The employee was thus in performance of his duty as he crossed the street en route to a funeral home on a mission for his employer.

In the case at bar, the employee was not on a mission for her employer. She was travelling along a public street on the personal mission of returning home after her workday had ended.

The order and award are reversed.

Reversed.

Judges CLARK and CARLTON concur.