The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pittman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
Furthermore, after reviewing plaintiff's motion for attorney's fees to be assessed against defendant, the Full Commission finds it to be without merit and therefore plaintiff's motion is hereby Denied.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Pre-Trial Agreement entered into by the parties prior to the hearing in this matter along with the documents attached thereto is incorporated herein by reference.
2. By request of the parties, the only issue for determination by the undersigned at this time is the issue of the compensability of plaintiff's claim.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the initial hearing in this matter, plaintiff was a 37 year old male who had begun working with defendant-employer on or about February 15, 1993. On or about April 18, 1993, plaintiff's date of injury, plaintiff was employed as a patient care assistant working on the sixth floor.
2. On April 18, 1993, plaintiff was permanently assigned to the sixth floor working the 2:45 p.m. to 11:15 p.m. shift. During this shift, plaintiff was given a thirty minute dinner break and two ten minute breaks.
3. Between 11:15 p.m. and 11:30 p.m. on the evening of April 18, 1993, plaintiff and Lori Sumner, a registered nurse who worked with plaintiff, left the sixth floor on the same elevator. Plaintiff got off of the elevator at the ground floor; however, Ms. Sumner continued to the parking level. Plaintiff did not indicate to Ms. Sumner that he was planning on returning to the sixth floor. When Hannah Spencer, another employee that worked with plaintiff was also leaving the sixth floor on the evening of April 18, 1993 at approximately 11:10 p.m., the plaintiff told her good-bye and indicated he was preparing to leave. Again, plaintiff did not inform Ms. Spencer that he would be returning to the sixth floor.
4. On April 18, 1993, after riding the elevator down to the ground floor with Ms. Sumner, plaintiff decided to stop by Seasons Restaurant, the restaurant located on defendant-employer's premises, to obtain something to eat before going home. In fact, plaintiff had informed Ms. Spencer prior to leaving that evening of his plans to get a sandwich and then go home.
5. When assessing the demeanor of the plaintiff during his testimony and when weighing plaintiff's testimony with the other evidence of record, the undersigned finds that plaintiff's testimony that he was taking a break and was planning on returning to the sixth floor after obtaining a sandwich from Seasons Restaurant is not deemed credible.
6. While waiting for his sandwich to be prepared, plaintiff stepped out onto an adjoining patio area designated as a smoking area at the hospital in order to smoke a cigarette. Smoking is otherwise prohibited throughout the hospital. The patio area is a clearly designated area surrounded by a brick wall, having a concrete floor and tables with umbrellas and chairs. This area is well lighted. Adjoining the patio is a roof area. There is a metal gate separating the patio area from the roof area which is historically kept closed and as late as 9:30 p.m. on the evening of April 18, 1993 was observed to be closed. The roof surface is approximately fourteen inches below the concrete patio area and has a tar and gravel surface. The roof area does not have any lighting or tables and chairs. There is a rubber mat located on the roof area which is used by maintenance personnel to service the equipment located on the roof.
7. Although defendant-employer provided rest room facilities across from Seasons Restaurant for the convenience of its employees and the general public, after plaintiff went onto the patio on the evening of April 18, 1993 and while plaintiff was smoking a cigarette and waiting for his sandwich to be prepared; plaintiff intentionally walked onto the roof area to the edge of the building, a distance of approximately twenty feet for the purpose of urinating. It was at this time when plaintiff was out on the roof for the purposes of "taking a leak" that the plaintiff fell and was injured. Employees of the defendant-employer other than maintenance employees required to maintain and repair the air conditioning units located on the roof are not authorized to be on the roof area. Employees presence in an unauthorized area is prohibited by the employee manual a copy of which had been given to plaintiff.
8. It is also a violation of hospital policy to create unsanitary conditions which plaintiff was doing when he went onto the roof area for the purpose of "taking a leak."
9. After plaintiff fell from the rooftop to the ground, a distance of fourteen feet nine inches, several hospital employees arrived on the scene, including Anna Marie Brown, Helen Bujard, Eunice Woodard, Michael Edelstein, Marilyn Marlon and Jay Harrison. Plaintiff told several of these employees that he had gone to the restaurant to get a sandwich after he had gotten off of work. Plaintiff further told each of these employees that he had walked out onto the roof of the hospital in order to "take a leak." In addition to informing Ms. Woodard that he had walked out onto the roof in order to "take a leak", plaintiff told Ms. Woodard that he had opened the gate separating the patio from the roof.
10. When assessing the demeanor of the plaintiff during his testimony, the demeanor of the other witnesses during their testimony and the totality of the evidence of record, the undersigned finds that plaintiff testimony that he intended to return to the sixth floor after he obtained his sandwich, that he was not off duty, that he thought the roof was a picnic area and that he did not walk twenty feet onto the roof area with the intention of urinating not credible.
11. Urinating off of a roof is an unreasonable and unusual method of using the bathroom when rest room facilities were available across from the Seasons Restaurant. Plaintiff acted unreasonably in choosing to urinate while on the roof area in order to "take a leak" and smoke at the same time.
12. Plaintiff did not have any duties that required his presence on the roof of the hospital and his presence on the roof area did not benefit defendant-employer.
13. Furthermore, plaintiff's presence in the Seasons Restaurant and the adjoining patio area, which were open to the general public, was no different than a member of the general public stopping by Seasons Restaurant to eat while visiting the hospital. Any member of the general public who was on the patio could have improperly ventured onto the unauthorized roof area.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The personal comfort doctrine is inapplicable where the employee uses unreasonable or unusual methods to tend to his personal needs. Therefore, assuming arguendo that the plaintiff was not "off duty" at the time of his injury on April 18, 1993, the personal comfort doctrine would not be applicable in this case. Larson, Worker's Compensation, Section 21.81, See Also Spratt v. Duke Power Company, 65 N.C. App. 457,310 S.E.2d 38 (1983).
2. On April 18, 1993, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. Martin v. Bonclarken Assembly, 296 N.C. 540,251 S.E.2d 403 (1979); See also Strickland v. King, 293 N.C. 731,239 S.E.2d 243 (1977).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim must under the law be and is hereby DENIED.
2. Each side shall pay its own costs.
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER